(No. 707—Claim denied.)

WILLIAM L. CORRIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

SERVICES—*rules of court must be complied with.* The rules of the court must be complied with by claimant before he is in position to ask an award for services rendered.

SAME—*consent by State officer will not dispense with rule of court.* Consent to an allowance of a claim by a State officer will not dispense with a compliance with the rules of the court.

OSCAR J. PUTTING, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, William L. Corris, by Oscar J. Putting, files his declaration herein setting forth that said claimant was active in procuring reports and transcripts of testimony and evidence in a certain proceeding that was pending before the Illinois Commerce Commission on the 15th day of July, 1921, and prior thereto, wherein an application was filed in behalf of the city of Chicago, for the reduction of. gas rates in said city by the People's Gas Light and Coke Company; that said hearing was had on said petition in said city of Chicago for a number of days; that in the course of said proceedings the Attorney General (then Edward J. Brundage) directed one of his assistants, Assistant Attorney General Matthew Mills, to assist in said hearing before said Illinois Commerce Commission; that in his endeavor to render services to the said Illinois Commerce Commission and the State of Illinois in accordance with the wishes of said Attorney General Edward J. Brundage, said Assistant Attorney General Matthew Mills did attend said hearing regularly and attended the taking of testimony and the obtaining of transcript of certain evidence, that the sum of $1610.00 is now due claimant for services rendered.

The Attorney General, Edward J. Brundage, by Floyd E. Britton, filed his consent to the award.

There is no evidence before this court as to the number of days of service rendered by said claimant, neither is any evidence before the court that said services was rendered by and with the consent of the Commerce Commission.

There is nothing but the bare statement of claimant that the services were rendered. .

Owing to the lack of proper evidence and the absolute failure of the claimant to comply with the rules of the Court of Claims, the case is dismissed and with the recommendation that no award be made.